**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ELEVANCE HEALTH, INC.,<br><br>Plaintiff,<br>v.<br><br>JORDAN VIDOR,<br>Defendant. | Case No. 1:26-cv-01880-TWP-TAB |

**PLAINTIFF ELEVANCE HEALTH, INC.'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Elevance Health, Inc. ("**Elevance Health**"), in accordance with Rule 65 of the Federal Rules of Civil Procedure, moves this Court to enter a temporary restraining order pending the determination of its motion for preliminary injunction:

(i) prohibiting Defendant Jordan Vidor ("**Vidor**") from directly or indirectly obtaining a Competitive Position[1] with, or performing a Restricted Activity for or on behalf of, Oscar Health, Inc. ("**Oscar**") or any other Competitor, in the Restricted Territory, for twelve (12) months following his termination of employment with Elevance Health;

(ii) prohibiting Vidor from soliciting Elevance Health's employees for twelve (12) months following his termination of employment;

(iii) prohibiting Vidor from using, disclosing, or appropriating Elevance Health's trade secrets and Confidential Information for so long as such information remains Confidential Information, and enjoining Vidor and all persons in active concert or participation with him who receive actual notice of such order from using Elevance Health's trade secrets and confidential and proprietary information for any purpose pursuant to 18 U.S.C. § 1836(b)(3)(A) and Ind. Code § 24-2-3-3(a); and

[1] Unless otherwise indicated, all capitalized terms have the meaning ascribed in the Complaint.

(iv) directing Vidor to return to Elevance Health any and all Elevance Health Confidential Information in his possession, custody, or control.

Elevance Health further requests that this Court schedule a hearing to determine whether to enter a preliminary injunction.

As explained more fully in the brief Elevance Health files in support of this motion, Elevance Health's request for a temporary restraining order and preliminary injunction satisfies the requirements of Rule 65. Vidor is set to begin work at Oscar as its Senior Vice President, Network & Provider Management ("**Oscar Role**") on September 14, 2026, just days from the filing of this motion and approximately one month after his resignation as Elevance Health's Vice President – Healthcare Networks, East Region ("**Elevance Health Role**"), making emergency injunctive relief necessary to preserve the status quo before Vidor commences employment with Oscar.

Elevance Health will suffer immediate and irreparable harm if Vidor begins working for Oscar because that work violates the restrictive covenants in his Employment Agreement, Executive Agreement Plan, and Stock Agreements. Through August 13, 2026, in the Elevance Health Role, Vidor oversaw provider contracts spanning fifteen states and the District of Columbia across all product lines, and the Oscar Role he is set to begin September 14, 2026, mirrors the Elevance Health Role, requiring the same network strategy, contracting, unit cost management, and provider operations functions for a direct competitor operating in the same markets with the same providers.

Further, because the Oscar Role requires Vidor to perform the same provider network strategy, provider contracting, unit cost management, and provider relationship management functions he performed for Elevance Health, Vidor's employment with Oscar will inevitably place Elevance Health's trade secrets and Confidential Information at risk of use or disclosure.

Accordingly, Vidor's employment with Oscar will cause irreparable harm to Elevance Health's business because it will permit Oscar to obtain the benefit of highly sensitive competitive information regarding Elevance Health's network strategies, provider relationships, reimbursement approaches, and ongoing negotiations.

Elevance Health is likely to succeed on its claims against Vidor because Vidor has accepted and intends to begin employment in a Competitive Position with a Competitor, conduct expressly prohibited by the Agreements. Vidor will perform Restricted Activities for Oscar because the Oscar Role requires him to engage in provider network strategy, provider contracting, unit cost management, and provider relationship management – all activities for which Vidor had responsibility at Elevance Health and about which he possesses Confidential Information.

The balance of equities favors Elevance Health because it seeks only to enforce contractual obligations voluntarily undertaken by Vidor and to protect its trade secrets and Confidential Information. Any hardship to Vidor arises from restrictions he agreed were reasonable and necessary to protect Elevance Health's legitimate business interests. Absent immediate relief, Vidor will begin performing the Oscar Role before the Court can adjudicate Elevance Health's request for preliminary injunctive relief, rendering the requested relief substantially less effective and risking immediate competitive harm that cannot be adequately remedied through monetary damages. Entry of a temporary restraining order will serve the public interest by preserving the status quo, enforcing freely negotiated contractual obligations, protecting trade secrets, and promoting fair competition.

Courtesy copies of this Motion, the Brief in Support of this Motion, the Complaint, and accompanying Exhibits have been emailed to Vidor at jordan.vidor@gmail.com.

**WHEREFORE**, Elevance Health, Inc. requests that the Court enter a temporary restraining order:

(i) prohibiting Vidor from directly or indirectly obtaining a Competitive Position with, or performing a Restricted Activity for or on behalf of, Oscar or any other Competitor, in the Restricted Territory, for twelve (12) months following his termination of employment with Elevance Health;

(ii) prohibiting Vidor from soliciting Elevance Health's employees for twelve (12) months following his termination of employment with Elevance Health;

(iii) prohibiting Vidor from using, disclosing, or appropriating Elevance Health's trade secrets and Confidential Information for so long as such information remains Confidential Information, and enjoining Vidor and all persons in active concert or participation with him who receive actual notice of such order from using Elevance Health's trade secrets and confidential and proprietary information for any purpose pursuant to 18 U.S.C. § 1836(b)(3)(A) and Ind. Code § 24-2-3-3(a); and

(iv) directing Vidor to return to Elevance Health any and all Elevance Health Confidential Information in his possession, custody, or control.

Elevance Health is willing to post a bond pursuant to Federal Rule of Civil Procedure 65(c). Elevance Health further requests that this Court schedule a hearing to determine whether to enter a preliminary injunction.

FBT GIBBONS LLP

By: *<u>/s/ Patricia Román Hass</u>*

Kandi Kilkelly Hidde, #18033-49
Patricia Román Hass, #29461-45
Cameron S. Trachtman, #36387-49
Logan W. Koehring, #38240-49
111 Monument Circle, Suite 4500
P.O. Box 44961
Indianapolis, IN 46244-0961
Telephone: (317) 237-3800
Facsimile: (317) 237-3900
Email: khidde@fbtgibbons.com
promanhass@fbtgibbons.com
ctrachtman@fbtgibbons.com
lkoehring@fbtgibbons.com

*Attorneys for Elevance Health, Inc.*

0131135.0830109 4914-9149-9721v6