UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELEVANCE HEALTH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JORDAN VIDOR,<br>OSCAR HEALTH, INC.,<br>OSCAR MANAGEMENT CORPORATION,<br><br>Defendants. | Case No. 1:26-cv-01880-TWP-TAB |

**OSCAR HEALTH, INC.'S AND OSCAR MANAGEMENT CORPORATION'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendants Oscar Health, Inc. and Oscar Management Corporation (collectively, "Oscar") hereby move to dismiss the First Amended Complaint against them for lack of personal jurisdiction. As grounds therefor, Oscar states as follows:

1. Both Oscar entities are Delaware corporations headquartered in New York.

2. Oscar does not maintain any office, facility, or other place of business in Indiana.

3. Oscar does not sell, market, or offer health insurance plans or any other products to residents of Indiana.

4. The claims against Oscar by Plaintiff Elevance Health, Inc. ("Elevance") arise from Oscar's recruitment and hiring of Defendant Jordan Vidor.

5. The recruitment and hiring of Mr. Vidor took place entirely outside of Indiana. Mr. Vidor lives in New Jersey, and the Oscar personnel involved in his hiring were primarily in New York, although Oscar representatives participated in some communications remotely from their homes in Connecticut, Massachusetts, Minnesota, and Virginia.

6. No Oscar representative participated in any of the recruitment/hiring communications from Indiana, let alone traveled to Indiana for the purpose of recruiting and hiring Mr. Vidor. Again, Mr. Vidor lives in New Jersey.

7. Oscar communicated its offer of employment to Mr. Vidor by telephone on July 21, 2026. The Oscar representative who communicated the offer was located in New York.

8. The First Amended Complaint attempts to sidestep these undisputed jurisdictional facts with a series of inconsequential allegations. Elevance alleges that: (a) Oscar knew that Mr. Vidor had entered into a contract with an Indiana employer; (b) Oscar's post-filing conduct – creating a revised role and submitting a declaration in this case – is "purposeful conduct in this forum"; and (c) Elevance has been injured in Indiana. But none of these allegations establishes personal jurisdiction over Oscar.

9. What is required to establish specific jurisdiction is "purposeful availment," an inquiry focused on "contacts that the 'defendant himself' creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citation omitted).

10. In the Seventh Circuit, "the mere fact that a defendant's conduct affected a plaintiff with connections to the forum state is not sufficient to establish jurisdiction." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014). Nothing about Oscar's conduct was aimed at Indiana, and post-filing activity in this litigation does not suffice. *See, e.g., Everdry Marketing and Mngmt., Inc. v. Carter*, 885 N.E.2d 6, 13 (Ind. Ct. App. 2008) (jurisdiction must exist at the time the action arose).

11. The grounds for this motion are more fully set forth in the Declaration of Janet Liang, attached hereto as Exhibit 1, and the Memorandum of Law, filed herewith.

WHEREFORE, Defendants Oscar Health, Inc. and Oscar Management Corporation respectfully request that this Court dismiss the First Amended Complaint against them.

Respectfully submitted,

OSCAR HEALTH, INC. and OSCAR MANAGEMENT CORPORATION

By their attorneys,

*/s/ Matthew C. Moschella*

Matthew C. Moschella (Admitted *Pro Hac Vice*)
Scott McConchie (Admitted *Pro Hac Vice*)
SHERIN AND LODGEN LLP
One Lincoln Street, 14th Floor
Boston, Massachusetts 02111
617.646.2000
mcmoschella@sherin.com
smcconchie@sherin.com

Dated: November 17, 2026

**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date specified below.

Dated: November 17, 2026

*/s/ Matthew C. Moschella*
Matthew C. Moschella

4911-2620-2594